[Civ. No. 20914. Second Dist., Div. One. Aug. 22, 1955.]

WILLIAM ODENTHAL, Respondent, v. HARRY W. LEE et al., Appellants.

Ralph R. Sleeper for Appellants.

Roy B. Woolsey for Respondent.

DORAN, J.—This is the third action involving the same general subject matter. The first was an action instituted by the plaintiff Odenthal against Harry W. Lee, in superior court, No. 568622, in which, on December 17, 1951, Odenthal had judgment against Lee in the amount of $4,152.42. Nora Lee, wife of Harry W. Lee, was not a party to this action.

Thereafter, according to respondent's brief, "On February 4, 1952, the first writ of execution was returned partially satisfied after a bid by plaintiff of $1,000.00 on an undivided one-half interest in property owned by Harry W. Lee. The net satisfaction was $943.75. On April 28, 1952, after the examination of Harry W. Lee on supplementary proceedings, the property with which this litigation is concerned was sold (to plaintiff Odenthal, the only bidder, for $750.00) and on June 9, 1953, the second writ was returned. On January 23, 1953, and on February 20, 1953, writs were returned wholly unsatisfied. On April 20, 1953, a writ was returned partially satisfied; on October 20, 1953, a writ was returned wholly unsatisfied, and, finally on November 17, 1953, an acknowledgment of satisfaction was filed. While Harry W. Lee redeemed the parcel of property first sold, no attempt was made to redeem the second parcel, the one in dispute, until after the redemption period expired."

After sale by the sheriff of "Lot 15, Tract No. 6084, as per map recorded in Book 101, Pages 52 to 57," the property involved herein, and on October 30, 1952, Nora Lee filed an action to quiet title to said property, and for damages for slander of title, Superior Court No. 605689, claiming ownership and alleging that Harry W. Lee "at no time whatsoever held any right, title, interest or estate in and to said real property and appurtenances, or any part thereof." Harry W. Lee was not a party to this action. At the trial of this cause, judgment was again in favor of Odenthal, and the trial court found that although standing in the name of Nora Lee, "said property was purchased by the plaintiff and her husband with community funds . . . and liable to the payment of the debts of said Harry W. Lee." On November 13, 1953, Harry W. Lee filed a motion in the first action, No. 568622, to set aside the sale and for redemption, which motion was denied, time for redemption having already expired.

The present action is brought by Odenthal against both Mr. and Mrs. Lee, to quiet title to the property and for declaratory relief, and pleads the two former actions and the judgments and findings therein. The complaint likewise

seeks restitution of the property, and damages for the wrongful withholding thereof. The appeal is from the judgment therein in favor of Odenthal.

It is appellants' contention that "The respondent Odenthal is barred from procuring any quiet title decree or other judgment herein against Nora Lee because a judgment in a former case (No. 605689) between these parties renders the matter res adjudicata." The judgment in that case, instituted by Nora Lee against William Odenthal, adjudged and decreed "That defendant William Odenthal has obtained and now holds whatever title was acquired by him under execution and subsequent Sheriff's deed obtained by him in Action No. 568622 . . . entitled *William Odenthal, Plaintiff* v. *Harry W. Lee . . . et al., Defendants*, in and to . . . Lot 15 of Tract 6084, as shown on map recorded in Book 10, pp. 52-57 of maps in the Office of the County Recorder of the County of Los Angeles, State of California. It is further Ordered, Adjudged and Decreed that plaintiff take nothing by her complaint."

In reference to this claim of res adjudicata on the part of appellants, some inconsistency is apparent, since in a so-called "Memorandum Brief" filed, appellants seek to prevent the respondent from enjoying the benefits of this same doctrine. Moreover, it appears from the answer filed in the present action that the appellants are desirous of relitigating the issues of the two previous actions. Separate ownership of the property in Nora Lee is asserted; the sheriff's sale and deed are alleged to be void, and the right of redemption is again claimed. Either the doctrine of res adjudicata applies or it does not apply, and if it does apply, then it similarly affects all parties and bars any relitigation of the issues involved.

The doctrine of res adjudicata and the underlying principles thereof are well settled. In the present case, however, this doctrine can be of no avail to the appellants. The complaint herein seeks to quiet title to the real estate in question, to eject the appellants therefrom, and to obtain declaratory relief which will set the entire matter at rest once and for all. This procedure has been rendered necessary by reason of appellants' continued refusal to recognize and abide by the previous judgments, all of which were in favor of Odenthal. Relitigation of the issues in these prior actions is neither sought nor desired; the respondent is, in effect, merely seeking to enforce and protect property rights previously adjudicated. That the doctrine of res adjudicata was never intended to

apply in such a situation requires no citation of authority, and appellants have cited no decision either holding or intimating that such an interpretation of the rule should be adopted.

█ Appellants' contention that the description in the sheriff's deed was uncertain, and that the deed was void, is untenable. As stated in respondent's brief, ''The deed specifically refers to the correct tract, 6084 (Ex. 3). A map of the tract does appear in the pages included in the description, to-wit: pages 53 to 57 (Ex. 13 by ref.). It is true that on page 52 there is a map of Tract 8156. However, obviously, the lot sold as Lot 15, Tract 6084, cannot under any guise of the imagination be considered to be a lot in said Tract 8156. The complaints and the judgment in this action and in Action 605689 all refer to the property described in the sheriff's deed, that is, to Lot 15 of said Tract 6084.''

There is likewise no substantial merit in the other contentions made by appellants. The trial court in the instant action, having all the interested parties before it, accorded the appellants a full and fair trial of all pertinent issues; the record discloses substantial evidence in support of the findings and judgment, and no reversible error has been pointed out.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 19, 1955.